# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **POWERS BROWN ARCHITECTURE N.A., LLC** § § § *Plaintiff*, § § v. § § **RAMIRO A. GALINDO, INC.** and **GOREE ARCHITECTS, INC.** § § *Defendant.* § § § | **Civil Action Case No. _____** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Powers Brown Architecture N.A., LLC files this Complaint against Defendants Ramiro A. Galindo, Inc. and Goree Architects, Inc., and alleges as follows:

### THE PARTIES

1. Plaintiff Powers Brown Architecture N.A., LLC ("Plaintiff" or "PBA") is a Delaware limited liability company. Its principal place of business is 2100 Travis St, Suite 501, Houston, Texas 77002.

2. Defendant Ramiro A. Galindo, Inc. ("Galindo") is a Texas corporation. Its principal place of business is 1920 W Villa Maria Rd UNIT 301, Bryan, Texas 77807. Galindo's registered agent for service of process is Ramiro Galindo, 3000 Galindo Way, Bryan, Texas 77807.

3. Defendant Goree Architects, Inc. ("Goree") is a Texas corporation. Its principal place of business is 5151 San Felipe St., Suite 1700, Houston Texas 77056. Goree's registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4. This is a copyright infringement action. This Court has exclusive federal jurisdiction over the subject matter of Plaintiff's claims under 28 U.S.C. § 1338.

5. This Court has general jurisdiction because Defendants are both citizens of Texas with principal places of business located in Texas. This Court has specific personal jurisdiction because Defendants' conduct complained of herein occurred in the state of Texas.

6. Venue is proper because Defendants both reside in the Southern District of Texas, and more specifically, the Houston Division. Further, venue is proper because all or a substantial part of the events or omissions giving rise to the claims herein occurred in the Houston Division of the Southern District of Texas. *See* 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

7. PBA is a design firm in the business of creating and licensing the use of "architectural works" (as that term is used in Title 17, United States Code) and technical drawings, renderings, and models depicting such architectural works that were created by PBA.

8. PBA is the owner of all copyrights in certain architectural works and technical drawings, renderings, and models depicting such architectural works (the "Copyrighted Works"). *See* Exhibit A. The Copyrighted Works constitute original and copyrightable subject matter under the U.S. Copyright Act.

9. PBA is the owner of a United States Copyright Registration for the Copyrighted Works. Specifically, PBA owns Certificate of Registration No. VA0002333973, entitled "Innovation Towers Project" (the "Registration"). *See* Exhibit B.

10. PBA owns all rights, title and interest in and to the Registration and has duly complied with all relevant requirements of the U.S. Copyright Act.

11. Defendants have each infringed PBA's copyrights through their activities associated with a proposed development known at the time as Innovation Tower, which was to be located in Bryan, Texas 77807. Galindo, the developer of the Innovation Tower, originally retained PBA as the architectural firm for the project.

12. PBA created the Copyrighted Works that are the subject of the Registration and retained all right, title, and interest in and to such Copyrighted Works.

13. The Copyrighted Works were not a work made for hire.

14. After apparent delays due to COVID-19, the project was put on pause. Recently, PBA learned that Galindo hired another design firm—Defendant Goree—to continue work on the project, which is now known as ICON Innovation Condominiums.[1]

15. Defendants have each committed numerous acts of copyright infringement in their activities associated with the Innovation Tower, including the following:

> a. Defendants have each made copies and/or derivatives of the Copyrighted Works by creating, or causing to be created, paper and digital drawings and plans for Innovation Tower that are based on the Copyrighted Works.
>
> b. Defendants have each distributed, or caused to be distributed, copies and/or derivatives of the Copyrighted Works by distributing paper and digital drawings and plans based on the Copyrighted Works for Innovation Tower.

---

[1] https://iconbcs.com/brochure

    c. Additionally, in their activities associated with Innovation Tower, Defendants have created, published and used non-pictorial depictions of structures based on the Copyrighted Works in promotional and advertising materials. Defendants have published and used these infringing materials in the course of advertising, including but not limited to advertising on the Internet.

*See, e.g.*, Exhibit C.

16. Defendants' actions, described above, were without authorization or license from PBA.

17. Defendants also removed PBA's copyright management information ("CMI") from the Copyrighted Works, including multiple references to "powers brown architecture." The original Copyrighted Works provided to Galindo identified "powers brown architecture" as shown below and as affixed in the lower right hand corner of the Copyrighted Works:



*See* Ex. A. Upon information and belief, Defendants have used the Copyrighted Works from which Defendants has removed or altered the CMI.

18. In October of 2022, PBA demanded that Defendants cease and desist from further acts of copyright infringement. Defendants have refused to do so, and continue to violate PBA's copyrights. PBA therefore brings this action to protect its rights under federal law.

## CAUSES OF ACTION

### Count I
### Copyright Infringement

19. PBA realleges the allegations contained in the previous paragraphs as if fully set forth herein.

20. PBA is the sole and exclusive owner of valid copyrights in the Copyrighted Works detailed in Exhibit A. The copyright has been registered with the United States Copyright Office. *See* Ex. B, Registration.

21. Defendants willfully infringed PBA's exclusive rights in the Copyrighted Works identified and described above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1)

22. Defendants also violated PBA's exclusive rights by creating derivative works based on and/or embodying the Copyrighted Works. Defendants' infringing works are substantially and strikingly similar to the Copyrighted Works, including the copying of original, non-standard features and elements, and the selection, arrangement, and composition of those feature and elements, that are found in the Copyrighted Works and Defendants' infringing designs.

23. Defendants violated PBA's exclusive rights by distributing copies and/or derivatives of the Copyrighted Works, including by promoting the Innovation Tower Project on their respective websites and various third party websites.

24. Pursuant to 17 U.S.C. §504(b), PBA is entitled to recover from Defendants its actual damages, plus all of Defendants' profits attributable to the infringements.

25. Pursuant to 17 U.S.C. §502, PBA is entitled to preliminary and permanent injunctive relief against Defendants, prohibiting any further copying, use or distribution of the Copyrighted Works.

## Count II
## Violations of DMCA § 1202

26. PBA realleges the allegations contained in the previous paragraphs as if fully set forth herein.

27. As detailed above, without authorization from PBA, Defendants intentionally removed or omitted PBA's CMI from the Copyrighted Works. Defendants thereafter advertised or otherwise distributed copies or derivatives of such Copyrighted Works knowing that such CMI had been removed or omitted without proper authorization.

28. At the time Defendants removed PBA's CMI from the Copyrighted Works, and at the time Defendants advertised or distributed copies of the Copyrighted Works from which the CMI had been removed or omitted, Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, or conceal the infringement of PBA's copyright.

29. PBA is entitled to recover from Defendants, statutory damages for each act committed in violation of its rights under 17 U.S.C. §1202.

30. Pursuant to 17 U.S.C. §1203(b)(5), PBA is entitled to recover its reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

31. PBA demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

32. For these reasons, PBA respectfully asks that Defendants be cited to appear and answer herein and that, on trial of this case, PBA be awarded:

(a) Actual damages for each act of Defendants' infringement;

(b) An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. § 1202, *et seq*.

(c) An order enjoining and restraining Defendants, and their agents, representatives, associates, employees, and all those acting in concert or participation with them, from directly or indirectly infringing any of PBA's Copyrighted Works;

(d) An order that all infringing drawings, renderings, models, or derivatives thereof in possession of Defendants be impounded and destroyed in accordance with 17 U.S.C. § 503;

(e) Defendants' profits attributable to their infringing conduct;

(f) Attorneys' fees as allowed by law;

(g) Pre- and post-judgment interest on all damages;

(h) Costs of court; and

(i) Such other relief as may PBA may be justly entitled.

Dated: February 13, 2023

Respectfully submitted,

By: */s/ Jonathan M. Pierce*
 Jonathan M. Pierce
 *Attorney in Charge*
 State Bar No. 24027744
 Federal I.D. 23801
 Stephanie L. Holcombe
 State Bar No. 24069939
 Federal I.D. 1074764
 Elliott J. Deese
 State Bar No. 24121423
 Federal I.D. 3723396

**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: 713-226-6000
Facsimile: 713-228-1331
jpierce@porterhedges.com
sholcombe@porterhedges.com
edeese@porterhedges.com

*Attorneys for Plaintiff*

8

13785461